We have three cases that are being argued in tandem, so we would invite the parties up. We have Ms. Maltese, if I'm saying your name properly. You are. Okay. Thank you very much. And for the Appalese, I understand we have Attorney Naran, and you are arguing, just help me, which of these cases? The Brown case. Okay. The Governor of New York. Okay. So you're arguing both of those, and then we have Attorney Friedman, and you'll be arguing on behalf of New York City Mayor. Is that right? That is correct. Okay. And these are 24-2393, 24-2378, and 24-2381, Mary Ann Maltese v. Keith Brown, and then Governor of New York State, and then in the third one, versus New York City Mayor Adams et al. The way I think we will do this is, Ms. Maltese, you will start out, and please take a second, get settled up there. You probably saw, as we asked all the other lawyers, take a second at the podium, adjust the microphones, get yourself comfortable. Can we do water? What's that? Water? Yeah. Can we get some water at the podium? Thanks. There we go. You might not want to keep it on the podium. It might slide off. I'm sorry. Which cases would you like to start with? Why don't we do them in any order? Well, no. Let's do them in the order that they're listed on. Do you have a copy of the calendar? Here, why don't we, let me ask the courtroom deputy to pass this copy of the calendar down to you. It'll just help us to keep them in order in our minds. If you start with the one against Brown, and then after the governor, and then Eric Adams. You have a total of five minutes, but we can go over a little bit. You saw that sometimes we have to go over a few minutes. If you can try to keep it to, we had a, I think we had it allocated two minutes with three minutes rebuttal. Why don't we do it a little longer? Why don't we, you start with five. Okay. We'll go over a little bit. Okay. Does that make sense? Yes. So again, once you get the microphones and you're all settled, please, you may begin. Thank you for the opportunity, honors. My name is Marian Maltese. I'm a former New York State Assembly, New York State Senate employee for New York State legislature. I brought these three dockets, notice of appeals forward for different violations that Keith Brown and, or another elected official created within my service. 24-23-93 was filed because Mr. Brown in an official capacity attempted to arrest me in an end of service record request as of March 9th, 2021. I had an official meeting with him scheduled. I went there in peace because I sought election in 2020 to run for the same seat as him. However, in year 2021, I'm entitled to prime bill language for my service record of 20 years. Mr. Brown took my communications as of January 5th of 2021 when he was an official as the 12th Assembly District. Prior to Mr. Brown taking office, the seat for the 12th AD by the New York State legislature was vacant for an additional 19 months. What that means is that any of us that are in inactive status, we must wait until that position is filled by an elective officer who is the employer to facilitate prime bill language for any formation of active or inactive rights we have. Mr. Brown took office 19 months post the resignation of Andrew Rayer, who was an elective officer for the 12th as well. Both Andrew Rayer in 2018 through 2019 did not prime bill language for me. He decided to ignore it because I wasn't within my rights as a PO within year 29. So it was avoided. Actions on March 9th within docket 242393 was I have in my inactive of five years of I took two New York State DOS licensures. I became a certified hairstylist as well as a sales associate. So I have those two professional licenses to cover my expenses while I have been waiting for employer New York State's compliances. The employer has the right to roll over the request of an employee to year 2930 until they actually perform service record considerations. Mr. Brown on March 9th, an official, decided to create an orchestrated police arrest so that I would be arrested on site for a meeting he offered and then 15 minutes post the arrest order, Mr. Brown then proceeded with broker, my broker, Cal Harbor Real Estate, Jeff Izzo and James Izzo to advise me that they were terminating me of my essay license so that I would be subjected to further ridicule and review inside the village of Northport to see if I would be arrested within 20 minutes of seeking my public officer rights. While we're in inactives, New York State Legislature, New York State Assembly, we have the right to seek other professional licensures. I have a master's in consideration at CUNY through internship 1992. I also have taken seven to eight exams from state service, public service, civil service, all successfully achieved. So I am a fellow among us that has 10 applicable licenses to perform any employment in the state of New York or lower level by any elective officer that would like to hire me. However, the properties of my essay license are my properties. I have paid for them. The state of New York has not paid for those. So in essence, I'm looking for the notice of claim for injury due to the public fraud misconduct arrest considerations that Mr. Brown sought, which was completely a violation of his public integrity as the elective officer as we are both in the real estate industry as well. Mr. Brown owns an LLP. It's called Brown Altman. And he has commingled his oath to defame me in such a manner that I would not be able to support myself while either I'm the nominee for office, entitled to a pension separately within my service record, and or any private licensures that I have so that I can support myself while employer New York state has willfully denied offer of end of service. I have prepaid into the New York state pension system for 20 years. All contributions are added in. I am a primary officer, regional chief of staff within years 1992 through 2013. So Ms. Maltese, you may see the red light is on. What we're going to do is hear from the other side, but you're going to come up again because you're the appellant, as you've probably watched the other cases. You basically get to make the last shot at making arguments because you're the person who's on appeal. So we're going to hear from you again. Why don't we hear from the lawyers for the appellees? Why don't we hear from Mr. Naram first? And I will preface this before you start talking. I should have said this to Ms. Maltese beforehand. I want to assure all the parties that we have, of course, read all of your written briefs. So we're familiar with the record in this case. And the purpose of oral argument is, is there something you would like to add beyond what is in the written briefs? So with that said, Mr. Naram, why don't you go ahead? Thank you, Your Honors, and may it please the court, Karthik Naram with the New York Attorney General's Office. I'm sorry, Naram. I'm sorry. Oh, it's okay. I will be presenting argument, excuse me, in the Brown case and the Governor. Okay. And again, just to emphasize, as I should have with Ms. Maltese, this is only things that you think need to be said beyond what's already in your brief. We are, of course, fully prepared, as you have heard, with all the cases, with all the paper submissions we've received. So please. Absolutely, Your Honor. The district court correctly dismissed both of these cases. These cases really typify the many... Could you either speak up a little or maybe adjust the microphone or the podium? That might be as high as it goes. Yeah. Okay. Is that any clearer, Your Honor? It's a little better. You can... Okay. I'll try to lean in a little bit here. I'm sorry about that. The district court correctly dismissed both of these cases, and these cases really typify the many frivolous filings which plaintiff has burdened state and federal courts with in recent years. You mentioned in the brief that just a couple of years ago, the New York State Court judge found it necessary to issue a filing injunction. And we're familiar with all of that. Absolutely, Your Honor. So starting with the Brown case, three main reasons the complaint fails, and I'll go through these very briefly. The district court lacked subject matter jurisdiction, there's no diversity jurisdiction, and the complaint doesn't raise a federal question. Number two, to the extent that the plaintiff is alleging these claims in Assemblyman Brown's official capacity, which is what I heard plaintiffs say just now, the claims are barred both by sovereign immunity and by legislative immunity, which the district court did not reach that second doctrine, but we think it squarely applies here. And third, in all events, the complaint simply does not state a cognizable cause of action. There's no legal basis to hold a state legislator liable for not introducing legislation, which is the core of the Brown case. The district court was also correct in denying leave to amend. We cited the Frying case in our brief, which we think is on point there. Turning to the Governor of New York case, it's a lot of the same deficiencies that are on display in the pleading in that case. I'll focus on two, first, to the extent these claims are against the Board of Elections and the individual defendants in their official capacities, sovereign immunity would bar those claims. And second, as in Brown, the complaint does not allege a cognizable cause of action. There are no specific facts connecting these individual defendants or the Board of Elections with the election conspiracy that the plaintiff is alleging. And just as in the Brown case, the district court got it right in denying leave to amend, given the plaintiff's extensive history of frivolous filings. So if there are no questions from the panel, we ask the court to affirm in both cases. Okay. Thank you, Mr. Narm. Why don't we hear from Attorney Freedman. This is in 2381, right? That's correct, Your Honor. The second case, yes. 24-2381 against New York City Mayor Adams and the city defendants in this case. Your Honor, the district court proper, please the court, my name is Elizabeth Freedman. I'm appearing for the city defendants in this matter. The district court properly dismissed Ms. Maltese's complaint for lack of subject matter jurisdiction. The court correctly ruled that the complaint failed to allege diversity jurisdiction as required, as all parties are correctly pleaded to be residents of New York State. I would also like to point out that the district court also correctly concluded that it lacked federal question jurisdiction based upon Ms. Maltese's allegations of investment losses she allegedly sustained in a New York City deferred compensation plan retirement account. That failed to present a federal question. I would just like to point out that in addition, Your Honor, the plaintiff did not allege a violation of the Internal Revenue Code, 26 U.S.C. section 457, but even if she had, there is no private right of action available to plaintiffs under the Internal Revenue Code to enforce violation. Even for employees against employers who may be in violation of the Internal Revenue Code. I just also want to point out that plaintiff referred to federal emergency rules related to the COVID-19 pandemic, but she failed to explain which emergency rules she was invoking or relying on, how they would provide a course of action to recover losses related to a retirement account from the city defendants, or how they would require defendants to pay her $40,000. I would just like to point out that executive orders don't create a right of action in any event. The language of executive orders, depending upon which one she's relying on, state on their face, they state typically that the order is not intended to and does not create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies or entities, its officers, employees or agents or any other person. So those particular executive orders, whatever orders they are, would not provide a right of action for a plaintiff to assert against the city defendants, and I just would like to point out that although plaintiff alleges in passing a discrimination claim, the complaint does not contain any specific factual allegations supporting an inference of discrimination and therefore does not contain, present the question of federal anti-discrimination law. For all the reasons that I just stated and I set forth in our brief, the district court correctly dismissed this complaint for lack of subject matter jurisdiction, and the district court also correctly denied leave to replead. Thank you. All right. Thank you very much, Ms. Friedman. So Ms. Maltese, at this point, we invite you back to the podium. We're going to get the clock back up to three minutes. That's perfect. So again, we're going to give you a little bit more time than we had originally allocated. The purpose of rebuttal at this point is for you to respond to anything that you have heard the other lawyers say, if you think it would be useful to give us a response to your thoughts about what you've heard. Hi, my name is Marian Maltese again, and again, with respect to New York State judiciary, CPLR, Suffolk Supreme did not offer me mediation or a hearing. The Commission of Ethics did not offer me mediation but took in a report. So none of these allowable public officer roles that I'm entitled to with respect to the employee right of active and inactive have actually been issued to me by employer or judiciary state of New York. Solicitor General NAM has not had a conversation with me about the actions of any other NYAG for them to fail to bring an offer of end of service. Offer of end of service within 24-2393 and 24-2378 was never provided for. I have never received an offer of end of service. In my opinion, this case is not of the credo question, is not civil rights. It's a true violation of public officer roles. Officer roles of right of retirement prepaid in and consideration of any injuries that have occurred within your active. I have two injuries noted by employer whether or not they are documenting them or not. I have a 1992 injury to employee assault directly by employer of which I was reinstated in 94. In 94 through 2006, I never had another injury when I sustained as a pedestrian a car accident one hour off the clock. I brought my x-rays with me of which employer as well never issued me worker's compensation. I returned to duty. I am classified as partially disabled due to rods and screws, a fixation in both of my legs for a car accident that occurred one hour off the clock. Ultimately, New York State has been avoiding within Judiciary Commission of Ethics not granting mediation to the at-will employees who have a stake in the retirement system. With respect to 24-2381, that is my personal property. It is not the property of the state of New York. It is not the property of the city of New York. It is property that I have inherited, so to say, from a judgment of divorce. The $40,000 loss was due to the portal crashing for OLC VOIA of which a presidential EO was administered to return the losses to active and inactives. I am waiting since presidential EO of 2020 for the city of New York's compliances in return of my losses. The EO is foundational because it was issued as catastrophic, and within catastrophic understanding, any mayor throughout the state of New York in any capacity is required to perform due diligences as the president ordered. He ordered that losses to active and inactives and deferred compensations across the board be returned to us. I was not active, I'm inactive, and this filing on 24-2381 is my personal property. I'm still using the services of deferred compensation New York City to help me with my investment. I'm allowed to do that in service or out of service, and the property loss is due to the portal collapsing within New York City OLC of which no offer of return of funds has ever occurred, forcing me to file a notice of claim. With respect to election- Yeah, I was going to say, we've kept you up past your time, but if you'd like to take one more minute, if there's something you'd like to add, why don't you go until the two minute mark hits, okay? Sure. In filing 24-2378, it was strictly about my public officer rights, not the considerations of my private licensures issued to me. Within 24-2388, within a vacancy of the 12th AD, a governor is required to offer employee the right of nomination. I live in the 12th Assembly District. I have the right of nomination. I was not in receipt of the nomination. However, accusing the Board of Elections of fraud is not exactly what I ever stated. What I stated was, is that the executive rule number 9-4 requires that a governor within a vacancy, somebody, an elective officer, has decided to resign. The employees are the first considerations for nomination. I never received offer of nomination, of which I filed a notice of claim for Rule 50 to pay me as the vested tenure employee that's been rejected from consideration of nomination. It's never been about that the petitions were handed in incorrectly or that they reviewed them insufficiently. I handed in, in year 2018, 468 petition signatures by myself, without the support of the governor, to run for office. As a female officer, the right of nomination is the same as gentlemen's. I never submitted a request for consideration under civil. I submitted a review as a public officer, a public officer who is vested tenured, and governor is to grant me a waiver to be the consideration for nominee as the party candidate. Okay. So, thank you very much, Ms. Maltese. Thank you very much. We really do appreciate your coming in today to participate in the oral argument. We also, of course, thank counsel for the appellees. As I'm sure you have heard, this case, like the other one on the calendar, we will take it under advisement. That means we don't decide it right now. Afterwards, the judges will confer about this, and as with all of the case, in due course, there will be a written ruling from the court that will be provided to all of you. So again, we thank you very much for coming in today. This court, having now completed the business for which we were convened today, will now stand adjourned. Thank you all very much.